589.23505

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD ANIBALLI, | ) |
|       Plaintiff, | ) |
| v. | ) No. 09 CV 07009 |
| KANE COUNTY SHERIFF'S DEPARTMENT, GEORGE MICHAEL MARTIN, VILLAGE OF GILBERTS, and JIM DUDA, | ) Judge Edmond E. Chang<br>) Magistrate Morton Denlow |
|       Defendants. | ) |

**DEFENDANTS, VILLAGE OF GILBERTS and JIM DUDA's
MOTION FOR JUDGMENT**

NOW COME Defendants, Village of Gilberts and Jim Duda, by their attorneys Tribler Orpett & Meyer, P.C., and seek judgment to be entered in the amount of $4,005.51 in accordance with this Court's September 27, 2013 court order, and pursuant to Federal Rules of Civil Procedure 54 and 58. In support thereof, Defendants state as follows:

1. On September 27, 2013, this Court granted the Village of Gilberts and Jim Duda's Motion for Attorney's Fees and Costs. The Court ordered Plaintiff to pay $2,360.00 in attorney's fees and $1,645.51 in costs, for a total of $4,005.51 (*See* September 27, 2013 order attached as Exhibit A.)

2. In accordance with Local Rule 37.2, defense counsel has contacted Plaintiff's counsel on numerous occasions seeking payment by Plaintiff. (*See* Group Exhibit B, which includes correspondence and/or e-mail communications with Plaintiff's counsel.)

3. Plaintiff previously testified that he was gainfully employed. Despite employment, Plaintiff has failed to pay any sum whatsoever in accordance with this Court's order.

4. Plaintiff also advised that he previously reached a monetary settlement with the Kane County Defendants and would pay Duda and the Village of Gilberts from those funds.

5. Despite repeated efforts to secure payment without court intervention, Plaintiff has not paid pursuant to this Court's September 27, 2013 order.

6. Defendants seek judgment in the amount of $4,005.51 in accordance with this Court's September 27, 2013 order pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure.

7. Defendants also seek entry of an order by this Court seeking Plaintiff to show cause why he should not be held in contempt of court for failing to pay the amount awarded pursuant to this Court's order.

8. Defendants also seek reasonable attorney's fees and costs incurred based upon their repeated efforts to secure payment and/or compliance by Plaintiff with this Court's order.

WHEREFORE, Defendants, Village of Gilberts and Jim Duda, respectfully request this Honorable Court enter an order granting the following relief:

1. Judgment in the amount of $4,005.51 against Plaintiff, Ronald Aniballi;
2. Entry of rule to show cause against Plaintiff;
3. Reasonable attorney's fees and costs incurred in repeated efforts to secure compliance with this court's September 27, 2013 order; and

4. Any further relief this Court deems fair and just.

Respectfully submitted,

s/ William B. Oberts
Attorney for Defendants Officer Duda and the Village of Gilberts

William B. Oberts, Esq., - #6244723
TRIBLER ORPET & MEYER, P.C.
225 W. Washington, Suite 1300
Chicago, Illinois 60606
(312) 201-6400

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **Defendants, Village of Gilberts and Jim Duda's, Motion for Judgment** served upon:

Lonny B. Ogus
Jonathan Lubin
39 S. LaSalle St.
Suite 1400
Chicago, IL 60603
lonnyben88@yahoo.com
jonathan@lubinlegal.com


service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, on the 4th day of February, 2014, with proper postage prepaid.


                                                  s/ William B. Oberts
                                                  an Attorney

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD ANIBALLI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 07009 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| VILLAGE OF GILBERTS and | ) | |
| JIM DUDA, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

In this civil-rights case, the Court previously granted in part and denied in part the Village of Gilberts and Jim Duda's motion for attorney's fees. R. 107. It takes a showing of bad faith to justify awarding fees to a prevailing defendant in a 42 U.S.C. §1983 case, and the Court found that bad faith was proven as to three of the four claims brought by Plaintiff Ronald Aniballi. *Id.* Specifically, although Aniballi litigated the failure-to-intervene claim against Duda in good faith, the claim against Duda for deliberate indifference to medical needs was not litigated in good faith, nor was there a good-faith basis to litigate those two claims against the Village on a *Monell*-policy theory. *Id.* Aniballi did not even both to respond to the defendants' summary judgment motion on those three claims. *Id.* at 2-3.

A dispute remains over the amount of the fees that ought to be shifted. The Village and Duda totaled-up their fees and asked for two-thirds of the total, arguing that two-thirds was an appropriate proportion of bad-faith versus good-faith expenditure of fees. To Defendants' way of thinking, they could have asked for three-fourths of the total, because three out of the four claims were pursued in bad faith. The two-thirds figure is $21,392.66.

There are two problems with this way of calculating the bottom-line. First, if it is possible to apportion the work done on a case between those claims that were sanctionable (or, here, the basis for fee shifting), then the court must try to do that. *See Divance v. Krull Elec. Co.*, 319 F.3d 307, 315 (7th Cir. 2003). It is not always easy to do so, especially if the claims arise out of a common set of alleged facts. Defendants' attempt at apportionment here is to weigh each claim equally (or

nearly equally) in terms of time expenditure. But that is not a sound estimate here. The *Monell* claims against the Village could not have taken equal time to defend as the non-frivolous failure-to-intervene claim against Duda. Indeed, the record evidence does not support a finding that the *Monell* claims took much time at all. The irony is that the claims were so frivolous that the Village did not labor hard to defend against them. This is not to excuse Aniballi's fruitless pursuit of the claims, but it does go to show that equal apportionment does not fit here. The deliberate indifference claim against Duda similarly could not reasonably have consumed equal time as the non-frivolous failure-to-intervene claim. On balance, the Court finds that a more fitting ratio (this is not an exact science, *see Divane*, 319 F.3d at 315; *Golden v. Helen Sigman & Assocs.*, 611 F.3d 356, 366 (7th Cir. 2010)), is to premise the apportionment on half of the attorney's time on the non-frivolous claim, and half on the bad-faith claims.

The second problem with Defendants' calculation is that it asks for fees from the very start of the case's filing. But the Court noted in its prior order, R. 107, that Aniballi might have been able to cut-off the fees award if he had only heeded Defendants' warning letter, the letter sent right before Defendants embarked on summary judgment briefing. Before that, the parties were engaged in discovery, and it was possible that some evidence could be uncovered to support the claims (though, really, it is not clear if Plaintiff even tried to uncover anything on the *Monell* claims). In light of that possibility, the Court finds that the proper time period from which to award fees is the preparation of the warning letter, on March 1, 2011. The table below shows the entries (the descriptions are the Court's paraphrase from the fee invoices) for which fees will be awarded. The total number of hours is 29.5 hours, multiplied by the reasonable per-hour rate of $160, which is $4,720. Half of that, based on the apportionment described above, is $2,360.

As previously ordered, the entirety of the costs amount is shifted under Federal Rule of Civil Procedure 54(d), specifically, $1,645.51.

| Date | Description | Hours |
|---|---|---|
| 03/01/11 | letter to Plaintiff's counsel on why summary judgment will be granted | 0.90 |
| 03/05/11 | prepare brief in support | 3.40 |
|  | prepare motion | 1.30 |
| 03/07/11 | examine 3 depositions for motion | 4.20 |
| 03/08/11 | more drafting of Argument section | 1.40 |
| 03/13/11 | more drafting of motion and brief | 3.30 |

2

| 03/14/11 | prepare 56.1 statement of facts | 2.80 |
| --- | --- | --- |
| 03/15/11 | finish motion, brief, statement | 2.60 |
| | prepare exhibits and exhibit list | 0.60 |
| 05/20/11 | examine Plaintiff's response to statement | 0.50 |
| | examine Plaintiff's statement of facts | 0.10 |
| | examine Plaintiff's response to motion | 0.60 |
| 05/27/11 | prepare response to statement of facts | 2.60 |
| | prepare reply brief | 3.40 |
| 05/30/11 | continue preparing reply | 1.30 |
| | continue preparing response to statement | 0.50 |

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2013

# EXHIBIT B

October 1, 2013



**TRIBLER
ORPETT
& MEYER P.C.**

225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 (p)
312-201-6401 (f)
www.tribler.com

<u>*VIA FACIMILE (312) 332-0104 & U.S. MAIL*</u>
Mr. Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603

Re: <u>Aniballi, Ronald v. Village of Gilberts, et al.</u>
Case No.: 09-cv-07009
Our File No.: 589.23505

Dear Mr. Lubin:

As you know, on September 27, 2013, the court ordered Plaintiff to pay $4,005.51 ($2,360.00 fees/$1,645.51 costs) to Defendants in attorney's fees and costs. We direct this correspondence to you as Plaintiff's counsel. Please advise in writing should you no longer represent Plaintiff, and we will seek payment directly from him.

Please issue a check in the amount of $4,005.51 payable to Cannon Cochran Management Services in compliance with the court's order. CCMSI is Defendants' Third-Party Administrator. Please issue said payment within fourteen (14) days. If we do not hear from you and/or Plaintiff, we will pursue further court action and seeks additional costs and attorney's fees for the necessity of such.

Please feel free to contact me should you wish to discuss.

Very truly yours,

William B. Oberts
wboberts@tribler.com
(312) 201-6436 (d)

WBO/dc

October 24, 2012



TRIBLER
ORPETT
& MEYER P.C.

225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 (p)
312-201-6401 (f)
www.tribler.com

<u>*VIA FACSIMILE - (312) 332-0104*</u>
Mr. Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603

Re:  <u>Aniballi, Ronald v. Village of Gilberts, et al.</u>
     Case No.: 09-cv-07009
     Our File No.: 589.23505

Dear Mr. Lubin:

On October 1, 2013, we faxed correspondence to you regarding payment pursuant to the September 27, 2013 court order. We provided information as to how the check should be made and requested said payment by October 15, 2013. To date, we have not received a response from you and/or your client, and have not been paid pursuant to the court order.

On October 23, 2013, I called you to discuss this issue. You advised that you would speak with your client and provide a response to me by Monday (October 28, 2013). We look forward to hearing from you on or before that date to resolve said issue.

Very truly yours,

William B. Oberts
wboberts@tribler.com
(312) 201-6436 (d)

WBO/dc

October 31, 2012



**TRIBLER
ORPETT
& MEYER P.C.**

225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 (p)
312-201-6401 (f)
www.tribler.com

<u>VIA FACSIMILE - (312) 332-0104</u>
Mr. Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603

Re: <u>Aniballi, Ronald v. Village of Gilberts, et al.</u>
Case No.: 09-cv-07009
Our File No.: 589.23505

Dear Mr. Lubin:

On October 23, 2013, you advised that you would speak with your client and provide a response to me by Monday (October 28, 2013). This conversation is confirmed in our October 21, 2013 correspondence. To date, we have not heard from you or your client. On October 30, 2013, we left a voicemail message seeking status of payment. We have yet to receive a response.

Please advise in writing if you no longer represent your client regarding this issue, and we will seek collection actions against him directly. We will be forced to pursue actions to collect the award against your client should we not hear from you.

Very truly yours,

William B. Oberts
wboberts@tribler.com
(312) 201-6436 (d)

WBO/dc

November 7, 2012



TRIBLER
ORPETT
& MEYER P.C.

225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 (p)
312-201-6401 (f)
www.tribler.com

<u>**VIA E-MAIL and FACSIMILE - (312) 332-0104**</u>
Mr. Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603

Re: <u>Aniballi, Ronald v. Village of Gilberts, et al.</u>
Case No.: 09-cv-07009
Our File No.: 589.23505

Dear Mr. Lubin:

On November 4, 2013, we discussed payment by your client of the outstanding award of $4,005.51 entered on September 27, 2013. You advised that your client previously settled with the Kane County Defendants and had not received payment. You advised that you are in the process of securing said payment from Kane County on behalf of your client, and that said payment exceeds $4,005.51. You also advised that if we are willing to wait, your client will pay the outstanding award upon receipt of payment from the Kane County Defendants. We also discussed Kane County simply issuing two separate checks, one to Cannon Cochran Management Services, Defendants third-party administrator, in the amount of $4,005.51, and the balance of any settlement proceeds to Plaintiff. You seemed amenable to this suggestion.

We will contact our client to determine whether your proposal is acceptable rather than proceeding with further court action at this time. However, to assess your suggestion, we need to know when you anticipate payment from Kane County. Please provide said information via phone and/or e-mail at your earliest convenience.

Very truly yours,

s/ William B. Oberts
wboberts@tribler.com
(312) 201-6436 (d)

WBO/dc

November 21, 2012



**TRIBLER
ORPETT
& MEYER P.C.**

225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 (p)
312-201-6401 (f)
www.tribler.com

*VIA E-MAIL and FACSIMILE - (312) 332-0104*
Mr. Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603

Re:   Aniballi, Ronald v. Village of Gilberts, et al.
      Case No.: 09-cv-07009
      Our File No.: 589.23505

Dear Mr. Lubin:

We have not received a response from our November 7, 2013 correspondence. On November 4, 2013, we discussed payment by your client of the outstanding award. You advised that your client was owed money from Kane County pursuant to a settlement, and that my client would be paid out of the proceeds. You have not advised when you anticipate payment by Kane County. You have further not confirmed whether Kane County will issue two separate checks, as discussed in my November 7, 2013 correspondence.

Please contact me at your earliest convenience to discuss these issues.

Very truly yours,

s/ William B. Oberts
wboberts@tribler.com
(312) 201-6436 (d)

WBO/dc

**From:** Jonathan Lubin [mailto:jonathan@lubinlegal.com]
**Sent:** Thursday, November 21, 2013 1:05 PM
**To:** Bill Oberts
**Subject:** Re: Aniballi v. Villge of Gilberts, et al - 09 CV 7009

I haven't heard back yet from Kane County. I will know fairly soon whether they are willing to cooperate, and if we can work this out simply.

On Thu, 21 Nov 2013 12:10:15 -0600, Bill Oberts <wboberts@tribler.com> wrote:

Attached please find correspondence relative to the above-captioned matter.

William B. Oberts
Attorney at Law



**TRIBLER ORPETT & MEYER P.C.**
225 West Washington - Suite 1300
Chicago, IL 60606-3408

312-201-6400 | 312-201-6436 (d)
www.tribler.com

This e-mail, including attachments, contains information that is confidential and it may be protected by the attorney-client or other privileges. This e-mail, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s). If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail, or telephone. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

---

**Jonathan Lubin | Attorney**
Law Office of Jonathan Lubin
Full Service Chicago Law Firm

**T:** 312-332-7374 / **M:** 773-954-2608 / **F:** 312 332-0104
**E:** jonathan@lubinlegal.com / **W:** www.lubinlegal.com
     39 S. LaSalle St., Suite 1400, Chicago, IL 60603

This message and any attachments is CONFIDENTIAL, intended only for the named recipient and may contain information that is privileged, under but not limited, to the "work product privilege", "attorney-client" privilege. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message or attachments is strictly prohibited. If you receive this message in error or are not the named recipient, please notify the sender at the e-mail address or telephone number shown above and delete this e-mail from your computer. If you can read this, you don't need glasses.
Thank you.